Mike McKOOL, Appellant,

v.

RELIANCE INSURANCE COMPANY, Appellee.

No. 16435.

Court of Civil Appeals of Texas.

Dallas.

Jan. 8, 1965.

Rehearing Denied Feb. 5, 1965.

McKool & McKool, and Bill Jones, Dallas, for appellant.

Thompson, Coe, Cousins & Irons and Franklin H. Perry, Dallas, for appellee.

BATEMAN, Justice.

Appellant Mike McKool sued appellee Reliance Insurance Company for loss due to chipping and cracking of ceramic tile affixed to the walls of his swimming pool, caused by freezing of the water in the pool. The policy sued on insured appellant against "all risks of physical loss" to his home except as excluded in that part of the policy providing that the insurance does not cover, *inter alia:*

"i. Loss caused by inherent vice, wear and tear, deterioration; rust, rot, mould or other fungi; dampness of atmosphere, *extremes of temperature*; contamination; vermin, termites, moths or other insects;

"k. Loss under Coverage A caused by settling, *cracking*, bulging, shrinkage, or expansion of foundations, walls, floors, ceilings, roof structures, walks, drives, curbs, fences, retaining walls or swimming pools;

"Exclusions i, j, k, shall not apply to ensuing loss caused by collapse of building, *water damage*, or breakage of glass which constitutes a part of the building, provided such losses would otherwise be covered under this policy." (Italics ours)

The case was submitted to the trial court on an agreed statement of the facts, and the sole question presented is whether the loss is excluded from the insurance coverage as having been caused by "extremes of temperature" mentioned in paragraph i. or by the "cracking" mentioned in paragraph k. The trial court held that it was so excluded, and we agree. Appellant's theory is that the loss, having been caused by ice, which is solidified water, was therefore caused by "water damage," thus making inapplicable the exclusions of loss by "extremes of temperature" and by "cracking". In support of this theory appellant reminds us of certain well settled rules of construction of ambiguous insurance contracts. We consider these rules to be inapplicable because we find the terms of this contract to be clear and unambiguous and feel that it should be construed as other contracts and the words and phrases thereof taken in their ordinary meaning. Employers Mut. Cas. Co. of Des Moines, Iowa v. Nelson, Tex.Sup.Ct.1962, 361 S.W.2d 704, 709.

To find ambiguity in this policy one must close his eyes to the word "ensuing" which appears in the last paragraph quoted above, but which does not appear in either paragraph i. or paragraph k. Giving to the words used their ordinary meaning, we think it clearly appears therefrom that, although losses caused by extremes of temperature or cracking are not covered by the policy, all ensuing losses (meaning losses which follow or come afterwards as a consequence) caused by water damage are covered. In other words, the tile having cracked because of the extreme cold or ice, there could be no recovery therefor, but if water had entered through the cracks thus caused, the ensuing damage caused

by the entry of the water would be recoverable. That would be a loss caused by water damage ensuing after the uninsured cracking of the tile.

The judgment was correct and is affirmed.

Affirmed.