The **AETNA CASUALTY AND SURETY COMPANY**, Appellant,

v.

Harold C. **YATES** and Eleanor Catherine Yates, Appellees.

No. 21792.

United States Court of Appeals Fifth Circuit.

April 30, 1965.

George Chase, Waco, Tex., Naman, Howell, Smith & Chase, Waco, Tex., for appellant.

Frank B. McGregor, Jack Woods, Waco, Tex., for appellees.

Before TUTTLE, Chief Judge, and BROWN and FRIENDLY,* Circuit Judges.

FRIENDLY, Circuit Judge:

Mr. and Mrs. Yates, citizens of Texas, brought this action in a Texas court against The Aetna Casualty and Surety Co., a Connecticut corporation, to recover for damage to their home amounting to $15,900, under a Homeowners All Risk Form of property insurance issued by Aetna. The latter removed to the District Court for the Western District of Texas. The issues of coverage and of amount of damage were tried to a jury which found for Aetna on the former issue but, as instructed by the judge, also reported as to the cost of placing the house in its undamaged condition, which they determined to be $7,000. Holding that Aetna was liable as a matter of law, the court entered judgment for the plaintiffs for $7,000, plus $800 which was stipulated to be their increased living expenses during the repair of their home.

The description of the policy as "All Risk" is rather a misnomer since it contains fourteen lettered exclusions, many of these covering a considerable number of separate items. The lettered exclusions are followed by exclusions from the exclusions. Decision requires a threading of this maze.

There is little dispute as to the facts: In June, 1963, the plaintiffs discovered that the joists, sills and subflooring of their home were almost completely rotted away. The cause, as the evidence of both parties showed, was that the "crawl space" under the house was inadequately supplied with vents. Contact between air trapped in the crawl space and the subfloors and sills, which had been chilled by air conditioning, produced condensation of moisture and consequent rotting.

When plaintiffs turned to their All Risk policy, they found this disheartening exclusion:

"i. Loss caused by inherent vice, wear and tear, deterioration; rust,

---

* Of the Second Circuit, sitting by designation.

rot, mould or other fungi; dampness of atmosphere, extremes of temperature; contamination; vermin, termites, moths or other insects."

Plaintiffs' loss could be said to be "caused" by the defective construction of the house, arguably an "inherent vice"; it was a "deterioration," although perhaps not "caused" by deterioration; it surely was caused by "rot"; the rot almost certainly had been caused by "fungi"; and "dampness of atmosphere" had produced the condition in which the fungi could grow and do their work. Undaunted by this, plaintiffs read on and took hope when they came to the following:

> "* * * Exclusions i, j, and k shall not apply to ensuing loss caused by collapse of building, water damage, or breakage of glass which constitutes a part of the building, provided such losses would otherwise be covered under this policy."[1]

Plaintiffs say that since the loss was caused by the condensation of moist air into water, and was not within another exclusionary clause, "d", covering loss from water as therein described,[2] the exclusion from the exclusion prevails.

Plaintiffs put more weight on the last quoted clause than it will bear. The result of their construction would be that a clause intended to narrow the exclusions for "rust, rot, mould or other fungi" and "dampness of atmosphere" would very nearly destroy them. A court may not properly give the clause such an unnatural effect unless the words compel. They are far from doing that. A likely case for application of the clause would be if water used in extinguishing a fire or coming from a burst pipe flooded the house and in turn caused rust or rot; loss from rust or rot so caused would be a loss ensuing on water damage. That is not this case, where the rot may have ensued from the presence of water but not from water damage. Aetna seems to concede that the last quoted clause would also protect the insured where loss from water damage ensued from an excluded loss, e. g., if a rusty pipe burst or if a rotted wall opened and admitted rain. But that also is not this case.

In short, plaintiffs cannot bring themselves within either of these readings, both of which require that rot and water damage be in some sense separable events. We do not think that a single phenomenon that is clearly an excluded risk under the policy was meant to become compensable because in a philosophical sense it can also be classified as water damage; it would not be easy to find a case of rot or dampness of atmosphere not equally subject to that label and the exclusions would become practically meaningless. In our case the rot may have ensued from water but not from water damage, and the damage ensuing from the rot was not the damage from the direct intrusion of water conveyed by the phrase "water damage." Our conclusion against the plaintiffs finds support in a recent Texas decision unreported at the time of argument, McKool v. Reliance Ins. Co., 386 S.W.2d 344 (Tex. Civ.App.1965). While we would resolve any ambiguity against the insurer, and agree that the language is not a model of clarity, we do not think that any acceptable reading permits compensation for the loss that plaintiffs incurred as a result of the defective design of their home.

The judgment is reversed with directions to dismiss the complaint.

---

1. Exclusion "j" related to loss caused by animals or birds owned or kept by the insured, a member of his household, or an occupant of the premises; exclusion "k" concerned loss caused by settling, cracking, bulging, shrinking or expansion of various parts of the home and its appurtenances.

2. This may not be altogether clear since one of the exclusions in "d" was for loss caused by "water below the surface of the ground," and there was evidence that the moisture in the air under the floors came in part from water beneath the surface moving up by capillary action and evaporating into the atmosphere. However, we find it unnecessary to pass upon this.