**TWIN CITY FIRE INSURANCE COMPANY, Appellant,**

**v.**

**Billy Lee GUTHRIE et al., Appellees.**

No. 16908.

Court of Civil Appeals of Texas.

Fort Worth.

April 5, 1968.

Rehearing Denied May 10, 1968.

Thompson, Coe, Cousins & Irons, and Larry L. Gollaher, Dallas, for appellant.

Ray Gene Smith, Wichita Falls, for appellees.

## OPINION

MASSEY, Chief Justice.

The residence of plaintiff Billy Lee Guthrie sustained damage as the result of water leaking from the air conditioning unit on the floor in and around its location on the premises, thence into the building material under the floor, and thence on and into the ground about the foundation which supported the house. There is no question but that some of the damage resulted from the sinking of portions of the foundation in the softened soil, with resultant misalignment from the level of the flooring of the building and accompanying cracking and other damage to the upright sections.

Plaintiff had a contract of insurance under a policy of the defendant Twin City Fire Insurance Company. A dispute arose as to the propriety of plaintiff's claim, culminating in suit.

Upon a jury trial judgment was rendered for plaintiff and defendant appealed.

Reversed and remanded.

As "Perils Insured Against" as applied to the plaintiff's dwelling was listed "ALL RISKS OF PHYSICAL LOSS except as otherwise excluded". Following was: "EXCLUSIONS (Applicable to Property Insured under Coverages A and B and Perils Insured Against)—This insurance does not cover:

"* * *

"d. Loss caused by or resulting from: * * * water below the surface of the ground including that which exerts pressure on (or flows, seeps or leaks through) sidewalks, driveways, swimming pools, foundations, walls, basement or other floors, or through doors, windows or any other openings in such sidewalks, driveways, foundations, walls or floors;

"* * *

"k. Loss under Coverage A caused by settling, cracking, bulging, shrinkage, or expansion of foundations, walls, floors, ceilings, roof structures, walks, drives, curbs, fences, retaining walls or swimming pools."

In response to pleadings of the plaintiff the company plead the foregoing exceptions, but on trial the charge given the jury did not cast the burden upon the plaintiff to negative the applicability of the exclusions mentioned or to establish the amount of his loss not falling within the provisions thereof.

The special issues submitted to the jury, and answers returned thereto, read as follows:

"SPECIAL ISSUE NO. 1:

"Do you find from a preponderance of the evidence that Plaintiff's house was damaged on or about August 1964 as a result of water from the air conditioning unit in said house?

"ANSWER: Yes

"SPECIAL ISSUE NO. 2:

"From a preponderance of the evidence, what do you find to be the reasonable cost of repairs, if any, of the items damaged, if any, as a result of water from the air conditioning unit in said house, if any, to the house of the Plaintiff in Wichita County, Texas, with material of like kind and quality within any reasonable time after said loss, if any, was sustained by Plaintiff, Billy Lee Guthrie?

"ANSWER: $8500.00."

■ In view of the pleadings, considered in connection with the testimony, the judgment in the case must be reversed. Plaintiff, as the insured party under the policy, was obliged to establish by a preponderance of the evidence the negative of the company's allegations that the loss was due to a risk falling within exceptions of the policy. The exceptions plead are to be regarded as taking something out of the general portion of the contract so that the promise is to perform only what remains after the part or risk excepted is taken away, rather than as a stipulation added to the principal contract to avoid the promise of the insuring company by way of defeasance or excuse. In such instances the burden rests on the party insured to show that his cause of action does not fall within an excepted risk. 32 Tex.Jur.2d, p. 776, "Insurance", § 529, "Excepted risks."

■ The company plead the exceptions, objected because the special issues given by the court failed to exclude such loss as named in the exceptions so plead, and carried forward its complaint by points of error. There was evidence to raise the question concerning whether plaintiff's loss resulted from water which was below the surface of the ground (excluded by the policy as a peril insured against), and there was evidence to raise the question whether the loss directly resulted from the

settling of the foundation of the building (excluded by the policy as a peril insured against). That such occurred was the theory of the company, and it plead the applicable exclusions. It is indicated that the direct and immediate cause of a major portion of the damage was the settling of the building foundation, or portions thereof, in turn caused by the presence of and softening effect of the water in the earth holding the foundation, which water presence resulted from its leakage from the air conditioning unit.

The exclusions of the policy were effective as applied to loss resulting from such as a cause and it was the burden of plaintiff to establish such of his loss and the amount thereof not thereby excluded. This burden was not discharged and the judgment must be reversed.

■ The company, however, contends that under the undisputed evidence it was entitled to judgment excluding any claim whatever other than to the carpeting which it admits would be a proper item of loss for which plaintiff would be entitled to recover. From our examination of the statement of facts we are not prepared to hold that there was no damage to the insured building other than to the attached wall to wall carpeting which, under the policy provisions, was to be considered a part of the building. It is not certainly established that there was no portion of the floor immediately under the damaged carpet which required repair and/or replacement. The same is true as applied to structural parts of the building affected by the water before it passed to the ground. It is only obvious that loss elsewhere, and ensuing as result thereof, did not cause collapse of the building or any part thereof within the meaning of the policy contract. In other words it is obvious that the insured portion of his loss was not so great as it would have been were we to find support for plaintiff's theory, but it was not established

in the evidence that he had no insured loss other than to the carpeting.

We agree with the company, in view of an additional policy exclusion, that the loss and/or damage to plaintiff's air conditioner was not within the coverage of the insurance policy.

Upon another trial the plaintiff should be afforded the opportunity to establish his loss, if any, other than to the carpeting, and in any event to establish the extent of his loss as applied to the carpeting.

All points of error have been severally considered, and, except for these covered in our discussion and because of which judgment is reversed, are overruled.

Reversed and remanded.