James Eckle PARK et ux., Appellants,

v.

The HANOVER INSURANCE COMPANY,
Appellee.

No. 7930.

Court of Civil Appeals of Texas.

Amarillo.

July 14, 1969.

Sanders, Miller & Baker, Robert R.
Sanders, Amarillo, on appeal only, for ap-
pellants.

Underwood, Wilson, Sutton, Heare &
Berry, Harlow Sprouse, Amarillo, on ap-
peal only, for appellee.

DENTON, Chief Justice.

Appellants, James Eckle Park and wife,
brought this suit against The Hanover In-
surance Company to recover for damages
to their residence under a standard home-
owner's policy. Defendant's motion for
summary judgment was granted.

There is no dispute as to the material
facts. In May, 1967 it was discovered a
water line leading into the Park home was
split near the point it entered the house be-
neath the foundation. Excessive rust was
found at the point of the break in the line.
Attention was brought to the apparent
leakage when the water meter indicated an
excessive use of water for the previous
month. The meter showed approximately
158,000 gallons of water had been consumed
as compared to a normal monthly consump-
tion ranging from 9 to 20,000 gallons, de-
pending on the weather conditions. No

physical evidence of the leak was noticed until the excess amount of water used was noted. The escaped water remained under the surface and did not come in contact with the house itself except the concrete foundation upon which the house sat. There is no question but that the softened subsoil resulted in a shifting of the foundation causing cracks in the walls, sidewalks and driveway of appellants' home.

The policy sued on insured appellants against "all risks of physical loss" to their home "except as otherwise excluded". The insurer pleaded the following exclusions:

"This insurance does not cover: (d) loss caused by or resulting from:

(3) water below the surface of the ground including that which exerts pressure on (or flows, seeps or breaks through) sidewalks, driveways, swimming pools, foundations, walls, basements or other floors, or through doors, windows or any other openings in such sidewalks, driveways, foundations, walls or floors;

\*     \*     \*     \*     \*     \*

(k) Loss under Coverage A caused by settling, cracking, bulging, shrinkage or expansion of foundations, walls, floors, ceilings, roof structures, walks, drives, curbs, fences, retaining walls or swimming pools.

The foregoing Exclusions a through k shall not apply to ensuing loss caused by fire, smoke or explosion and Exclusions i, j and k shall not apply to ensuing loss caused by collapse of building, or any part thereof, water damage or breakage of glass which constitutes a part of the building, provided such losses would otherwise be covered under this policy."

The plaintiffs contend the loss was legally caused by accidental discharge or leakage of water from the water pipe, and was not within the two pleaded exclusions dealing with water below the surface in

d(3) or settling or cracking, et cetera, in exclusion k. Their position is the proximate cause of the loss is the accidental leakage of the water and that exclusion d(3) does not exclude this event; that this exclusion deals only with underground water of natural origin rather than from artificial means. Appellants argue the initial cause of their loss is the accidental discharge of the water and that other factors, such as the water below the surface, was a successive link in the chain of causation rather than a cause of the loss. This interpretation is not compatible with the clear language of the policy and the uncontradicted facts. It may be more forcibly argued the initial cause of the loss was the rusted water pipe which resulted in the pipe splitting, however exclusion i excludes recovery for loss caused by "inherent vise, wear and tear, deterioration and rust \*  \*  \*"

It is uncontradicted the appellants' loss and admitted damage was caused by the water below the surface of the ground. This was the direct cause and not a remote cause. The water flowed from the water line below the surface and remained below the surface. It is not contended any damage was caused from direct contact with the water. The damage was clearly within exclusion d(3). Identical exclusions were involved in Twin City Fire Insurance Company v. Guthrie (Tex.Civ.App.), 427 S.W. 2d 901 (No Writ). There the plaintiffs' air conditioner leaked water through the floor and onto the ground under the foundation and caused the house to shift and develop cracks. The court held the trial court erred in failing to submit the exclusions to the jury, and held the burden of proof was upon the plaintiff to show his cause of action did not fall within the pleaded exclusions. The case was remanded to afford the insured the opportunity to establish his loss caused by the water before it passed to the ground. The court in effect held the loss caused by the events coming within the two named exclusions were not recoverable.

■ Appellants further contend exclusion k does not apply because the settling, cracking, et cetera, was not the proximate cause of their loss, but again, the proximate cause of the loss was the accidental discharge of the water from the plumbing system; and for the further reason the saving paragraph following exclusion k provides it does not apply to ensuing loss caused by water damage. This exception to the exclusions does provide exclusions i, j, and k shall not apply to "ensuing loss caused by collapse of building, * * * or water damage, provided such loss would otherwise be covered under this policy". This saving clause clearly does not remove exception k in view of exclusion d(3). The loss here is not "otherwise covered" because of exclusion d(3), nor can it be said appellants' loss resulted from "ensuing water damage". Ensuing loss means losses which follow or come afterwards as a consequence. McKool v. Reliance Insurance Company (Tex.Civ.App.), 386 S.W.2d 344 (Writ Dis.). This is not a case of damages resulting from water entering through the cracks caused by the settling of the foundation. Such ensuing damage caused by the entry of the water would be recoverable, but this type of damage is not present here.

■ The insured also contends the pleaded exclusions are not applicable because they are in conflict and repugnant to Coverage B relating to named perils to unscheduled personal property. One of the named perils insured against under Schedule B is from "accidental discharge, leakage, or flow of water or steam used within a plumbing, heating or air conditioning system or a domestic appliance". Exclusions d(3) and k apply to both Coverage A—The Dwelling, and Coverage B—Unscheduled Personal Property. The argument is the insuring clause quoted above is in conflict with the two excepting clauses, therefore there exists an irreconcilable conflict with the result exclusion k is ambiguous. In such an event the policy will be construed favorably to the insured and recovery would be allowed under the insuring clause.

In support of this contention appellants cite World Fire & Marine Insurance Company v. Carolina Mills Distributing Company, 169 F.2d 826, 4 A.L.R.2d 523 (8th Cir.). That case is distinguishable on the facts as well as the stated exceptions. In the case at bar no recovery is sought for damages to personal property. Schedule B is not material here. We find no conflict between the pleaded exclusions and the insuring clause under which appellants seek damages to their dwelling.

We conclude the loss claimed by appellants was specifically excluded by the terms of the insurance policy. The judgment of the trial court in granting the defendant's motion for summary judgment was proper.

The judgment of the trial court is affirmed.