**Joe STRASSER et ux., Appellants,**

v.

**STATE FARM GENERAL INSURANCE COMPANY, Appellee.**

**No. 6433.**

Court of Civil Appeals of Texas, El Paso.

May 7, 1975.

Sam J. Dwyer, Jr., El Paso, for appellants.

Grambling, Mounce, Deffebach, Sims, Hardie & Galatzan, John A. Grambling, Malcolm Harris; Donald Hagans, II, El Paso, for appellee.

## OPINION

OSBORN, Justice.

This case involves damage to a house from a leak in a water line in a bathroom. It was alleged that the leak was very small and impossible to detect and that it permeated the foundation of the walls through earlier settlement cracks and also through erosion and soaking of the subsoil around and under the foundation, and as a direct and proximate cause of said water infiltration into the natural foundation cracks and surrounding foundation areas, the foundation gave way and caused the walls to crack and require replacement. Suit was filed seeking recovery under a fire and extended coverage policy with an attached physical loss endorsement. The case was tried to the trial Court, without a jury, and a take-nothing judgment was entered against the Appellants. We affirm.

Appellants in their amended petition alleged that on July 1, 1968, and again on July 1, 1971, they purchased a policy of insurance from Appellee to protect from all risk of physical loss to their home, and that commencing on or about June 1, 1971, the walls of the residence began cracking and said structure suffered great damage.

Only two witnesses testified. The agent who wrote the policy acknowledged that State Farm had the coverage on the house since 1965 and that all premiums had been paid. He said Mr. Strasser gave notice of his claim on April 3, 1970. The agent identified a policy issued by Appellee to Appellants for the period from 7–1–71 to 7–1–74 and also a policy for the period from 7–1–65 to 7–1–68 and said there was also a policy for the years from 1968 to 1971 with similar coverages for that period of time.

Mr. Strasser testified that there was an interior water leak on the inside of the wall which completely destroyed the floors and plaster of both the master bedroom and a half bath, and that the flow of water undermined the foundation and the whole corner of the house gave way creating huge cracks extending from the area of the leak to the southeast corner of the house. He identified several pictures which showed cracks in the walls and the area where the leak occurred. He was of the opinion that the cost of repairs would be $5,500.00.

On cross-examination, he said he first noticed the effects of the leak about 1965 when the plaster started to fall off the wall in the master bedroom. He said he probably made a claim against Appellee in March or April, 1970, when the repairs to the water line were made. He acknowledged that all the damage did occur prior to March or early April, 1970.

The Appellee in addition to its general denial alleged two exclusions under the physical loss coverage, one with regard to loss by settling, shrinkage, or expansion in foundations, walls, floors, or ceilings; and the other concerning loss from surface and flood waters.

■ The Appellants by two points of error contend that the judgment of the trial Court is contrary to the evidence and the law and that the evidence established coverage within the provisions of the in-surance policy. First, it must be noted, as contended by Appellee, that there is a fatal variance between the pleading and the proof. Mr. Strasser testified that all of his damage occurred prior to June, 1970. The leak was repaired some time in March or April, 1970, and no further damage occurred after the repairs were made. The Appellants' last pleading, their first amended original petition, which was actually a trial amendment filed five days after the trial Court heard the evidence, alleged a loss "commencing on or about June 1, 1971." This is a substantial variance and it is fatal to any recovery. Dueitt v. Barrow, 384 S.W.2d 214 (Tex.Civ.App.—Corpus Christi 1964, no writ). Timely objection was made during trial to the fact that the evidence was not in conformity with the pleading, and even though permission was granted to file a trial amendment, the amended pleading did not conform to the proof in the case.

■ Once the Appellee alleged policy exclusions, the burden was upon the Appellants to negate such defenses. Sherman v. Provident American Insurance Company, 421 S.W.2d 652 (Tex.1967). The trial Court, by its judgment, has at least impliedly found against Appellants on these issues and held that they did not sustain their burden of proof. Where the party who has the burden on an issue attacks a negative finding or the failure of the trial Court to find in its favor on an essential element of its case, such finding may be attacked as being against the great weight of the evidence. Traylor v. Goulding, 497 S.W.2d 944 (Tex.1973); Prunty v. Post Oak Bank, 493 S.W.2d 645 (Tex.Civ.App.—Houston (14th Dist.) 1973, writ ref'd n.r.e.). In such a case, the entire record must be considered and the evidence supporting the judgment weighed along with the evidence to the contrary. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951). Based upon the entire record, we find no error in the implied finding of the trial Court which supports the judgment in this case.

Although this case does not involve a Texas homeowner's policy, the exclusions are very similar. Appellee relies upon Twin City Fire Insurance Company v. Guthrie, 427 S.W.2d 901 (Tex.Civ.App.—Fort Worth 1968, no writ), and Park v. Hanover Insurance Company, 443 S.W.2d 940 (Tex.Civ.App.—Amarillo 1969, no writ), in contending that the exclusions upon which it relied prevented there being any coverage in this case. In discussing those two cases and the Texas standard homeowner's policy, one author concludes that if the damages claimed constitute settling, then there is no coverage regardless of the reason why the house in fact settled. Gollaher, Texas Homeowners Policy, 24 Sw.L.J. 636 (1970).

The Appellants' two points of error are overruled. The judgment of the trial Court is affirmed.