ADRIAN ASSOCIATES, GENERAL
CONTRACTORS, Appellant,

v.

NATIONAL SURETY CORPORATION,
Appellee.

No. 21125.

Court of Appeals of Texas,
Dallas.

June 30, 1982.

Rehearing Denied Aug. 16, 1982.

W. Kyle Gooch, Canterbury & Elder, Dallas, for appellant.

Craig Eggleston, Thompson, Coe, Cousins & Irons, Dallas, for appellee.

Before ROBERTSON, CARVER and WHITHAM, JJ.

WHITHAM, Justice.

Appellant, Adrian Associates, General Contractors, appeals from a summary judgment in favor of Appellee, National Surety Corporation. Because we agree with the Contractor that the phrase "water below the surface of the ground" as used in the underground water exclusion in an all risks insurance policy does not include water from an artificial source, we reverse and remand.

Due to the rupture of an underground water main owned by a municipality, water escaped and migrated below the surface of the ground and underneath a concrete slab the Contractor had poured as the foundation for a warehouse under construction. The escaped water remained under the surface of the ground at all times. The presence of the escaped water caused a void between the slab and the soil upon which it had been placed. The slab subsided or settled to the extent that the Contractor was required to tear out and reconstruct portions of the slab.

The Insurance Company sought and obtained summary judgment based on three

exclusions in the builder's all risk policy; however, on appeal the Insurance Company concedes that the present record is not sufficiently developed as to the "earth movement" exclusion and no longer urges that exclusion as a basis for upholding the summary judgment. Therefore, our disposition of this appeal turns on interpretation of the following two exclusions:

8. EXCLUSIONS

In addition to the exclusions in the policy to which this endorsement is attached, this policy does not insure against:

.  .  .  .  .

(c)(3) Water below the surface of the ground, including that which exerts pressure on or flows, seeps or leaks through sidewalks, driveways, foundations, walls, basement or other floors, or through doors, windows or any other openings in such sidewalks, driveways, foundations, walls or floors; unless loss by fire or explosion ensues, and then only for such ensuing loss. This exclusion shall not apply to property in due course of transit or to loss arising from theft;

(d) Loss, damage or expense caused by or resulting from subsidence, settling, cracking, shrinkage, bulging or expansion of pavements, foundations, walls, sidewalks, driveways, patios, floors, roofs or ceilings unless such loss results from a peril not excluded in this policy. If loss by a peril not excluded ensues, then this Company shall be liable only for such ensuing loss;

With respect to exclusion (c)(3), the Insurance Company contends that "water below the surface of the ground" is not limited to underground water of "natural origin" but includes all subsurface water, including that from an artificial source. Citing *Park v. Hanover Insurance Co.* 443 S.W.2d 940 (Tex. Civ. App.—Amarillo 1969, no writ) the Insurance Company argues that the law in Texas on this point is settled. In that case Park brought suit under an "all risks" policy for damage caused to the foundation of his home when an underground waterline leaked, causing the subsoil beneath the house to soften and the foundation to shift. The Amarillo Court of

Civil Appeals rejected Park's argument that the underground water exclusion in the policy (identical to exclusion (c)(3) in the present case) extended only to subsurface water from a natural source and did not extend to water from an artificial source such as a water pipe leakage. That court stated:

This interpretation is not compatible with the clear language of the policy and the uncontradicted facts . . . .

It is uncontradicted that appellants' loss and admitted damage was caused by water below the surface of the ground. This was the direct cause and not a remote cause. The water flowed from the water line below the surface and remained below the surface. . . . The damage was clearly within exclusion d(3).

Although *Park* was not reviewed by the Supreme Court of Texas, the Supreme Court of Kansas cited it with approval in *Krug v. Millers' Mutual Insurance Ass'n. of Illinois,* 209 Kan. 111, 495 P.2d 949 (1972). *Krug* also involved a claim for damage to the foundation of a home caused by a subsurface water pipe leakage under an all risk insurance policy containing an exclusion identical to exclusion (c)(3) in the present case. As in *Park,* the Supreme Court of Kansas rejected appellant's claim and held the exclusion applicable to water below the surface of the ground from artificial, as well as natural, sources. Courts of other states, however, in considering an exclusion identical or similar to exclusion (c)(3) under similar facts have reached the opposite interpretation. *Cf. Standard Electric Supply Co., Inc. v. Norfolk and Dedham Mutual Fire Insurance Co.,* 1 Mass.App. 762, 307 N.E.2d 11 (1973); *Koncilja v. Trinity Universal Insurance Co.,* 35 Colo.App. 27, 528 P.2d 939 (1974); *Broome v. AllState Insurance Co.,* 144 Ga.App. 318, 241 S.E.2d 34 (1977); *New Hampshire Insurance Co. v. Robertson,* 352 So.2d 1307 (Miss. 1977). In *Koncilja v. Trinity Universal Insurance Co., supra,* the Colorado Court of Appeals specifically rejected the approach taken in *Park* and *Krug.*

In the present case, the policy contains three water exclusions, one of which is exclusion (c)(3), as follows:

(c)(1) Flood, surface water, waves, tidal water, or tidal wave, overflow of streams or other bodies of water, or spray from any of the foregoing, all whether driven by wind or not;

(c)(2) water which backs up through sewers or basement drains;

(c)(3) water below the surface of the ground, including that which exerts pressure on or flows, seeps or leaks through sidewalks, driveways, foundations, walls, basements, or other floors, or through doors, windows or any other openings in such sidewalks, driveways, foundations, walks or floors; unless loss by fire or explosion ensues, and then only for such ensuing loss . . . .

We conclude that exclusion (c)(1) is limited to water of natural origin and that exclusion (c)(2) is limited to water of artificial origin. The Insurance Company concedes this is the correct interpretation of these two exclusions. Thus, the Insurance Company recognizes that the policy is designed to exclude certain water of natural origin and certain water of artificial origin. But the Insurance Company presents us with an ambiguity as to the intended source of the "water below the surface of the ground." Although the Insurance Company contends that the exclusion applies to *all* water whatever the source, we conclude that if it was intended to do so, then the Insurance Company would have said so. Faced with this ambiguity as to the meaning of "water below the surface of the ground" it becomes our responsibility to interpret the meaning of exclusion (c)(3).

Policies of insurance are interpreted and construed liberally in favor of the insured and strictly against the insurer. *Ramsay v. Maryland American General Insurance Co.,* 533 S.W.2d 344, 349 (Tex. 1976). If the language of an insurance contract is ambiguous and subject to two or more reasonable interpretations, then the construction which affords coverage will be the one adopted. The construction of an exclusionary clause urged by the insured must be adopted as long as the construction is not itself unreasonable and even if the

construction urged by the insurer appears to be more reasonable or a more accurate reflection of the intent of the parties. *Glover v. National Insurance Underwriters,* 545 S.W.2d 755, 761 (Tex. 1977). Accordingly, we adopt the interpretation of "water below the surface of the ground" made by the Supreme Court of Oregon in a case in which the policy in question contained this same exclusion. *See Hatley v. Truck Insurance Exchange,* 495 P.2d 1196 (Ore. 1972). There the court quoted from 56 Am. Jur. 585, Waters section 102 and stated:

Subterranean waters are usually divided into two principal classes, namely: (1) underground bodies or streams of water flowing in known and defined or ascertainable channels or courses, and (2) waters which ooze, seep, or percolate through the earth, or which flow in unknown or undefined channels, generally referred to as 'percolating waters.' . . .

The Supreme Court of Oregon then went on to interpret "water below the surface of the ground" to have the general meaning of "subterranean waters" whether percolating waters or underground streams. We agree. Moreover, the Amarillo Court of Civil Appeals may now be in agreement with the Supreme Court of Oregon. In *Transamerica Insurance Co. v. Raffkind,* 521 S.W.2d 935 (Tex. Civ. App.—Amarillo 1975, no writ) the insured had eliminated the underground water exclusion through the payment of additional premiums. Surface water seeped into and below the surface of the ground and entered subsurface heating and air conditioning ducts causing loss. In order for the insurance company to escape liability, it attempted to prove that insured's loss resulted from surface water because the "surface water" exclusion was the only exclusion not stricken from the policy. In the course of its opinion the Amarillo Court stated:

Significantly the policy itself manifests in the listed exclusions a recognition of an distinguishment between water according to its source or nature. Water upon the surface of the earth of a terranean nature is segregated by exclusion (d)(1), *while exclusion (d)(3)* [identical to exclusion (c)(3) in the present case] *is*

*reserved to water of a subterranean nature.* (Emphasis added.)

Thus, albeit with dicta with respect to underground water, the Amarillo Court stands more in line with the majority of the states which construe the underground water exclusion as water of natural origin. Accordingly, we do not agree with the Insurance Company's contention that "water below the surface of the ground" includes water from an artificial source and we decline to follow *Park*. We conclude, therefore, that the water below the surface of the ground exclusion does not apply and that the entry of a summary judgment based on the exclusion was erroneous.

■ Next, we turn to the Insurance Company's contention that the settlement of foundation exclusion applies. The exclusion provides that it does not apply if the loss results from peril "not excluded". By reason of our above holding that underground water of artificial origin is not "water below the surface of ground" within the meaning of exclusion (c)(3), it follows that the Contractor's loss resulted from a peril "not excluded". Accordingly we conclude that the settlement of foundation exclusion does not apply and that the entry of a summary judgment based on this exclusion was erroneous.

Reversed and remanded.