Sami ZEIDAN, M.D., Appellant,

v.

STATE FARM FIRE & CASUALTY COM-
PANY, and State Farm Lloyds, Inc.,
d/b/a State Farm Insurance Companies
or "State Farm", Appellees.

No. 08–96–00249–CV.

Court of Appeals of Texas,
El Paso.

March 20, 1997.

Victor F. Poulos, Robert E. Hedicke, El
Paso, for Appellant.

J. Monty Stevens, Dudley, Dudley, Windle
& Stevens, El Paso, for Appellees.

Before BARAJAS, C.J., and LARSEN and
McCLURE, JJ.

### OPINION

BARAJAS, Chief Justice.

This is an appeal from a summary judg-
ment granted to Appellees concerning a poli-
cy exclusion in Appellant's homeowner's in-
surance coverage. We affirm the judgment
of the trial court.

## I. SUMMARY OF THE EVIDENCE

### A. Procedural History

Appellant, Sami Zeidan, filed his lawsuit
against State Farm alleging various viola-
tions of the Texas Deceptive Trade Practices
Act, the Texas Insurance Code, as well as
causes of action for breach of the duty of
good faith and fair dealing, and for breach of
contract. The issue before us arose when
Appellant filed his third amended petition
and the Appellees filed their second amended
motion for summary judgment and support-
ing brief, wherein the Appellees claimed an

entitlement to summary judgment based on various different grounds, including the contention that the Appellant's loss was expressly excluded under his insurance policy. The Appellant filed his response to the second amended motion for summary judgment. The trial court held a hearing on Appellees' second amended motion for summary judgment and granted the Appellees' partial summary judgment as to the coverage issue. The record shows that the parties could not agree on the wording of the trial court's order. Appellees then filed their motion for entry of order partially granting defendants' and counter-plaintiffs' second amended motion for summary judgment and order severing causes of action. The trial judge signed the order and severed the coverage cause of action.

### B. Factual Summary

Appellant alleges that in November 1990, his residence was severely damaged by rainstorms which struck the area of El Paso, Texas, in which the residence was located. As a result of the severe rains, the foundation upon which Appellant's house was constructed, settled and shifted, resulting in cracks to windows, damage to a rock wall located in the backyard, and other cracks in the house. The trial court granted the summary judgment in favor of Appellees based upon the finding that the damage to Appellant's house falls under paragraph 1(h) of "Section I–Exclusions". Section I–Exclusions, section h, reads as follows:

> We do not cover loss under Coverage A (dwelling) caused by settling, cracking, bulging, shrinkage, or expansion of foundations, walls, floors, ceilings, roof structures, walks, drives, curbs, fences, retaining walls, or swimming pools.

> We do cover ensuing loss caused by collapse of building or any part of the building, water damage or breakage of glass which is part of the building, if the loss would otherwise be covered under this policy.[1]

Appellant argues that the rain water was the actual cause of the damage which caused a shift in the subsurface soil conditions underneath the residence which materially damaged his residence. Appellant also alleges that any foundation damage is a "consequence," not a "cause" of the damage to his residence.

In granting the defendants' partial summary judgment as to the coverage issue, the trial court's order provides in pertinent part:

> [T]he Court is of the opinion that there exists no genuine issue of material fact in that the occurrence in question was not a covered occurrence under the subject homeowner's insurance policy. Specifically, this Court holds that any damages to the Plaintiff's property falls under paragraph 1(h) of "Section I–Exclusions" of the subject homeowner's insurance policy. In this connection, Defendants' request for a declaration of excluded coverage is hereby granted. The Court holds that the Defendants were without a legal obligation to pay the Plaintiff's insurance claim under the subject homeowner's insurance policy.

Appellant now brings this appeal.

## II. DISCUSSION

Appellant attacks the granting of the summary judgment by two points of errors. We begin with a discussion of the standard of review for summary judgments.

### A. Standard of Review

The standard of review on appeal is whether the successful movant at the trial level carried its burden of showing that there is no genuine issue of material fact and that a judgment should be granted as a matter of law. *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex. 1985); *Cortez v. Liberty Mut. Fire Ins. Co.,* 885 S.W.2d 466, 469 (Tex.App.—El Paso 1994, writ denied). Thus, the question on appeal is not whether the summary judgment proof raises fact issues as to required ele-

---

1. In oral argument, counsel for both parties conceded that there exists a separate agreement concerning breakage of glass that was not before this Court. This Court expresses no opinion concerning that separate agreement.

ments of the movant's cause or claim, but whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of material fact as to one or more elements of the movant's cause or claim. *Gibbs v. General Motors,* 450 S.W.2d 827, 828 (Tex.1970).

In resolving the issue of whether the movant has carried this burden, all evidence favorable to the non-movant must be taken as true and all reasonable inferences, including any doubts, must be resolved in the non-movant's favor. *Nixon,* 690 S.W.2d at 548–49; *DeLuna v. Guynes Printing Co.,* 884 S.W.2d 206, 208 (Tex.App.—El Paso 1994, writ denied). Where the defendants are the movants and they submit summary evidence disproving at least one essential element of each of plaintiff's causes of action, then summary judgment should be granted. *Perez,* 819 S.W.2d at 471; *Bradley v. Quality Serv. Tank Lines,* 659 S.W.2d 33, 34 (Tex.1983); *Cortez,* 885 S.W.2d at 469.

### B. Appellant's Points of Error

In Point of Error No. One, Appellant contends that there exists a genuine issue of material fact which precludes the granting of summary judgment. Specifically, Appellant alleges that a rainstorm or a windstorm caused the damage to his home rather than the settling of the foundation, and that any foundation damage is a consequence, not a cause. The evidence presented to the trial court shows otherwise.

The deposition testimony of Manuel Calderon, a licensed civil structural engineer and certified land surveyor, established the specific nature of damages sustained at the Appellant's residence. Mr. Calderon visited Appellant's residence and subsequently prepared his report. Mr. Calderon noted that there was damage to the back fence, to windows, and the concrete slab on grade between the rear rock wall and the house. He also noticed numerous holes in the dirt area of the backyard. His opinion was that the settlement of Appellant's house foundation was caused by storm water falling onto this property and from storm water coming from the adjacent property to the north. His report states that he was sent to investigate the cause of cracks in the windows, concrete slabs, rock wall fences and holes in the yard. He further writes:

> The cause is due to improper drainage of stormwater off the lot. Stormwater that falls on the lot and stormwater that flows onto the lot from adjacent properties is seeping into the ground. **This is causing the soil under the foundation of the house and exterior slabs and under the rockwall fence to settle unevenly.**
>
> **The uneven settling of the soil under the foundation and under the rockwall fence is sufficient to cause the cracks in the windows and in the fence.** [Emphasis added].

The above demonstrates that the cause of the damage was the settling of the foundation which is expressly excluded by the language in section 1(h) which states that the Appellees are not insuring damage caused by the settling of foundations.

Similarly, the report of Edward E. McCormick, an engineer, establishes that the damage caused to Appellant's residence was caused by uneven settlement. He states:

> The residence was constructed and occupied on August, 1988. No problems occurred until the first week of September, 1990, when several inches of water fell in a couple of days period, fully saturating the ground. **The under surface hydrostatic activity caused extreme pressure pushing out the soil under rock walls, sidewalks and patio slabs and the foundation under the house, creating an uneven settlement. This activity in turn caused the rock wall to push out, slabs to crack and windows to be broken due to the stress.** [Emphasis added].

This report also shows that the damage to the house was caused by water, although it is underground water rather than flood or surface water which caused the foundation to settle unevenly and thereby causing damage to the house.

In Appellant's original petition, Appellant alleges that as a result of rainstorms, there was a shift in the subsurface soil conditions underneath the residence of the plaintiff which with other subsurface waters and oth-

er causes, materially damaged his residence by collapsing the retaining wall and causing structural damage to the residence. The Appellant amended his petition several times. In his third amended petition, plaintiff simply alleges that his residence was severely damaged by rainstorms which struck the area. Although Appellant's insurance policy does cover ensuing loss caused by water damage, the second paragraph in section 1(h) states:

> We do cover ensuing loss caused by collapse of building or any part of the building, water damage or breakage of glass which is part of the building, if the loss would otherwise be covered under this policy.

We note the significance of the fact that the above paragraph immediately follows the exclusion paragraph that states the Appellees do not cover loss to a residence by the settling, cracking, bulging, shrinkage, or expansion of foundations. Appellant argues that the above paragraph in his insurance policy would cover the damage to his residence since his second and third amended petitions allege that the damage was caused by rainstorms only.

The Fourth Court of Appeals, in *Lambros v. Standard Fire Ins. Co.*, 530 S.W.2d 138 (Tex.Civ.App.—San Antonio 1975, writ ref'd) discussed the significance of the wording of a similar paragraph in an insurance policy. The court found that to "ensue" means "to follow as a consequence or in chronological succession; to result, as an ensuing conclusion or effect." *Id.* at 141, *citing* WEBSTER'S NEW INTERNATIONAL DICTIONARY 852 (2d ed., unabridged, 1959). The court went further and stated that an ensuing loss is a loss which follows as a consequence of some preceding event or circumstance. *Id.* "If we give to the language of the exception its ordinary meaning, we must conclude that an ensuing loss caused by water damage is a loss caused by water damage where the water damage itself is the result of a preceding cause." *Id.* " 'Ensuing loss caused by water damage' refers to water damage which is the result, rather than the cause, of 'settling, cracking, bulging, shrinkage, or expansion of foundations, walls, floors, ceilings....' " Since the evidence in this case, even when viewed

in the light most favorable to plaintiffs, conclusively establishes that water damage was the cause, rather than the consequence, of settling, etc., exclusion k is applicable." *Id.* at 142, *citing Park v. Hanover Ins. Co.*, 443 S.W.2d 940, 942 (Tex.Civ.App.—Amarillo 1969, no writ). With the above interpretation of "ensuing loss", the Appellant's reliance on this exclusion paragraph is misplaced because the water damage referred to could not imply the rain water that Appellant claims damaged his residence.

The deposition testimony from both engineers stated that the uneven settlement of the foundation caused the damage to the house, and that such damage existed due to the presence of a water source, whether above ground or underneath. That deposition testimony, coupled with the factual allegations in Appellant's petitions alleging that the house was damaged because of rainfall, led the trial court to correctly conclude that there were no factual issues in dispute and that paragraph 1(h) of "Section I–Exclusions" excludes coverage. Accordingly, we overrule Appellant's Point of Error No. One.

In Point of Error No. Two, Appellant asserts that the trial court improperly relied upon Appellees' authorities which are not applicable to this case. We disagree.

The cases cited by Appellees in their motion for summary judgment and subsequently in their brief on appeal were correctly relied upon by the trial court. Although the trial court was presented with *Lambros*, 530 S.W.2d at 138 and *Bentley v. National Standard Ins. Co.*, 507 S.W.2d 652 (Tex.Civ. App.—Waco 1974, writ ref'd n.r.e.), there have been several cases relating to water causing settling of foundations and the particular exclusion in the standard homeowner's insurance policy. After reviewing *Lambros* and *Bentley*, we conclude that the trial court did not erroneously rely on the above authorities.

In *Lambros*, the plaintiffs brought an action against Standard Fire Insurance Company for damage to his home. Plaintiff originally alleged that their dwelling suffered serious structural damage and structural slab collapse caused by movement of water below the ground surface exerting pressure

on the foundation, floors, sidewalks, driveways, and walls. *Lambros*, 530 S.W.2d at 139. The plaintiff's policy insured against all risk of physical loss except:

> k. Loss ... caused by settling, cracking, bulging, shrinkage, or expansion of foundations, walls, floors, ceilings, roof structures....

*Id.* at 139.

One of the jury's findings was that the loss was caused by settling, cracking, bulging, shrinkage or expansion of foundations. *Id.* at 140. Based on this finding, the trial court entered judgment *non obstante veredicto* for Standard Fire Insurance Company and ordered that the plaintiff take nothing. The court of appeals affirmed the decision. The court found that paragraph "k" controls and that the **cause** of the settling is irrelevant, unless paragraph k would be rewritten to limit it to settling not caused by underground water. *Id.* Paragraph "k" has been replaced with the more modern paragraph 1(h) in the case before this Court. As in *Lambros*, the Appellant in the instant action seeks recovery of damage based upon damages to his home caused by the settlement and cracking of the foundation and related structures.

The *Bentley* case is similar. There, the plaintiffs brought an action against National Standard Insurance Company based on a homeowner's policy which contained language identical to language in both the *Lambros* case and the present case. *Bentley* 507 S.W.2d at 653. In *Bentley*, the damage to the house was not caused by water but by the lack of it. There had been a drought for many months which caused cracks in the house, on the kitchen cabinets, on tiles in the bathroom, and cracks between ceilings and walls. *Id.* at 653. Two witnesses testified for the plaintiff. The first was a contractor who attributed the cause of all the damage to severe settlement damages which caused the

house to "flex." *Id.* at 654. The other witness was a civil engineer who testified that an excessive loss of moisture [2] could cause damage to foundations and houses. *Id.* The appellate court found that exclusion "k" is clear and unambiguous and the mere fact that the settling of the foundation and the cracking of the walls, ceilings and roof were brought about or in turn caused by drought was immaterial. *Id.* The court went further and stated that the language of exclusion "k" does not limit the "settling" and "cracking" to certain causes. *Id.* "In fact, the 'settling' and 'cracking', in order to be excluded perils, are not limited to any cause, from the language used in this exclusion." *Id.* at 655. The court then affirmed the instructed verdict in favor of National Standard Insurance Company granted by the trial court. *Id.* In the present case, a condition in the soil underlying the foundation of Appellant's house caused the damage as found by the reports of Messrs. Calderon and McCormick. This Court finds that the trial court did not err in relying on *Bentley* when it granted the summary judgment in favor of Appellees.[3] We overrule Appellant's Point of Error No. Two in its entirety.

Having overruled each of Appellant's points of errors, we affirm the judgment of the trial court.

---

2. Evidence showed that the shortage of rainfall was 6.77 inches below normal. *Bentley*, 507 S.W.2d at 654.

3. *See also General Ins. Co. of America v. Hallmark*, 575 S.W.2d 134 (Tex.Civ.App.—Eastland 1978, writ ref'd n.r.e.); *Park v. Hanover Ins. Co.*, 443 S.W.2d 940 (Tex.Civ.App.—Amarillo 1969, no writ); *State Farm Fire & Casualty Co. v. Volding*, 426 S.W.2d 907 (Tex.Civ.App.—Dallas 1968, writ ref'd n.r.e.); *Twin City Fire Ins. Co. v. Guthrie*, 427 S.W.2d 901 (Tex.Civ.App.—Fort Worth 1968, no writ); *McKool v. Reliance Ins. Co.* 386 S.W.2d 344 (Tex.Civ.App.—Dallas 1965, writ dism'd).