IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 00-21000

Summary Calendar

AETNA CASUALTY & SURETY COMPANY,

                                        Plaintiff-Appellee,

                    versus

GREYSTAR CAPITAL PARTNERS L.P.; ET AL.,

                                        Defendants,

BROOKHOLLOW VENTURE LTD., doing business as
Cinnamon Square Apartments,

                                        Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas
(H-98-CV-1585)

June 22, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    Appellant Brookhollow Venture Ltd. appeals from a grant of

summary judgment in favor of appellee Aetna Casualty & Surety Co.

declaring that Aetna has no duty to indemnify Brookhollow for

    [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

damage to the foundations and interiors of its Cinnamon Square Apartments.  We affirm.

I

Brookhollow owns and Greystar manages the Cinnamon Square Apartments in Harris County, Texas.  Both were insureds under an all risk policy covering the Cinnamon Square Apartments issued by Aetna.  When Greystar discovered that several units of the apartments had sunk and their floors were uneven, Brookhollow investigated and discovered that plumbing leaks had caused the subsidence of the units' foundations and damage to the buildings' interiors.  Apparently, an underground pipe leak had caused the earth beneath some apartment buildings to swell, which in turn caused shifting of the foundations of the buildings.

Brookhaven sought coverage for the damage under its all risks policy with Aetna.  In response, Aetna sued for a declaratory judgment of no duty to indemnify.  The district court granted summary judgment to Aetna with respect to the damage to the foundations and interiors.[1]  The district court dismissed the remaining claims, including all of the claims involving Greystar, pursuant to a settlement.  The district thus entered a final judgment, and Brookhollow appealed.

II

---

[1] The parties had raised several other claims, including claims for plumbing repairs and extra-contractual claims.

We review the grant of summary judgment de novo. There are no material factual disputes. Aetna concedes, for purposes of its summary judgment motion, that the damage to the apartments was caused by a pipe leak that caused the ground underneath the apartments to either swell or subside, which in turn caused the shifting of the foundations. The dispute is over the interpretation of the insurance policy, which is a question of law.

Under Texas law, we apply the same rules of construction governing other contracts.[2] We enforce unambiguous text as written. If, however, the contract is subject to two or more reasonable interpretations, it is ambiguous, and we must construe the policy language strictly in favor of the insured.[3]

In this case, the policy "insures against all risks of direct physical loss to the insured property from any external cause except as hereinafter excluded." The relevant exclusion, called Exclusion J, excludes "loss caused by or resulting from . . . settling, cracking, bulging, shrinking or expansion of pavements, foundations, walls, floors, roofs or ceilings."

Following Texas law, as we must, we hold that Exclusion J unambiguously excludes Brookhaven's loss. Texas courts have repeatedly held that exclusions virtually identical to Exclusion J remove coverage for damages from settling or sinking of

---

[2] *See Balandran v. Safeco Ins. Co. of America*, 972 S.W.2d 738, 740-41 (Tex. 1998).

[3] *See id.* at 741.

3

foundations, even if the settling or sinking is caused by some external force.[4]  As one Texas court stated, "The fact that the settling of the foundation and the cracking of the walls and foundation were brought about by a water leak is immaterial."[5] Thus, Aetna's concession that the water leak was the ultimate cause of the loss is immaterial.  Since the settling of the foundation is the source of the loss, Exclusion J applies, and Aetna has no duty to indemnify Brookhollow for the damage to its apartments' foundations and interiors.

III

Brookhollow argues that Exclusion J cannot apply here since the exclusion of "loss *caused by or resulting from* . . . settling, cracking, bulging, shrinking or expansion of pavements, foundations, walls, floors, roofs or ceilings"[6] cannot include loss *to* pavements, foundations, walls, etc., because if Aetna had meant "loss to" rather than "loss caused by or resulting from" it would have said so.  In support of this argument, Brookhollow points to Limitation 10(C), which states that "pavements . . . are not covered against loss caused by . . . pressure or weight of ice or

---

[4] *See Bentley v. Nat'l Std. Ins. Co.*, 507 S.W.2d 652, 654-55 (Tex. Civ. App.—Waco 1974); *see also Zeidan v. State Farm Fire & Casualty Co.*, 960 S.W.2d 663 (Tex. App.—El Paso 1997); *Lambros v. Std. Fire Ins. Co.*, 530 S.W.2d 138, 140 (Tex. Civ. App.—San Antonio 1975).

[5] *General Ins. Co. of America v. Hallmark*, 575 S.W.2d 134, 136 (Tex. Civ. App.—Eastland 1979).

[6] Emphasis added.

water."  Brookhollow argues that this exclusion would be surplusage if Exclusion J covered loss *to* pavements, foundations, etc.

We disagree.  Brookhollow's reading of the policy fails to make sense of the context in which these words appear.  Brookhollow ignores the fact that Exclusion J applies only to losses caused by or resulting from "settling, cracking, bulging, shrinking or expansion" of foundations.  Thus, our reading of the policy does not rewrite Exclusion J to exclude all damage to foundations; we read its plain language to exclude only damages caused by settling, cracking, and so on.  Thus, to use Brookhollow's examples, damage to a foundation from a fallen tree or a car crash would not be damage to the foundation "caused by or resulting from settling, [etc.]."

By the same logic, Limitation 10(C) is not surplusage.  It adds "pressure or weight of ice or water" to the list of excluded causes of loss to pavement.  Further, Brookhollow takes Limitation 10(C) out of context.  In context, it is clear that the limitation is designed to exclude damage caused by wind, precipitation, or the surging of surface water against structures near open water.[7]

IV

---

[7] In its entirety, Limitation 10(C) reads, "Fences, pavements, outdoor swimming pools and related equipment, retaining walls, bulkheads, piers, wharves or docks are not covered against loss caused by freezing or thawing, impact of watercraft, or by pressure or weight of ice or water whether driven by wind or not."

For the foregoing reasons, the judgment of the district court is AFFIRMED.