**Michael MALLEY, Plaintiff,**

v.

**ALLSTATE TEXAS LLOYDS and John Albritton, Defendant.**

**Civil Action No. 1:03–CV–1408.**

United States District Court,
E.D. Texas,
Beaumont Division.

Nov. 29, 2004.

John Stephen Morgan, Lindsay & Morgan, Beaumont, TX, for Plaintiff.

Ronald J. Restrepo, Stephen Howard Lee, Doyle Restrepo Harvin & Robbins, Houston, TX, for Defendant.

### ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

CLARK, District Judge.

Plaintiff Michael Malley ("Malley") had a Texas Dwelling Policy Form–3, insuring a house he owned in Beaumont, Texas. The house was damaged by plumbing leaks in the foundation during a 1999 freeze. Allstate tendered a check for $30,450 to repair the foundation and related damage shortly thereafter. There were subsequent claims of water damage and mold in the residence and Allstate tendered two more checks totaling $18, 412.20 for remediation and buildback. The two checks were issued under the 1999 foundation claim, which had to be reopened and were not issued until early 2003. Plaintiff disputes that these last two checks were sufficient to remedy the water damage and mold remediation.

After receiving the two checks, Plaintiff requested that Allstate open a new mold claim. Allstate investigated Plaintiff's new mold claim and denied it, asserting the policy contained an exclusion for mold damage. Plaintiff asserts that there is coverage under an "ensuing loss" provision, and that Allstate improperly denied his claim, acted in bad faith, violated the Texas Insurance code, and violated the Deceptive Trade Practices Act ("DTPA") by delaying the claim process.

Defendants move for summary judgment, asserting that mold damage is not covered under the ensuing loss provision. The court finds there is ample legal support for this proposition and therefore grants Defendants' motion in this regard.[1] There are still outstanding claims based on failure to pay for alleged water damage to the residence. If Allstate is found to have breached the insurance contract, there are state law claims of bad faith, Texas Deceptive Trade Practice Act, ("DTPA") claims, and Texas Insurance Code claims.

### STANDARD OF REVIEW

The party moving for summary judgment under Fed.R.Civ.P. 56 has the initial

---

1. Since none of the Plaintiff's experts discussed mold in their reports this issue may, as a practical matter be moot. *See* Courts Order granting in part Defendants' Motion to Exclude Expert Testimony [Doc. # 58].

burden of demonstrating that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). Movant may show that the undisputed material facts affirmatively establish a right to judgment. Alternatively, movant may establish that the other party has the burden of proof at trial, and has failed to "make a showing sufficient to establish the existence of an element essential to [its] case." *Nebraska v. Wyoming,* 507 U.S. 584, 590, 113 S.Ct. 1689, 123 L.Ed.2d 317 (1993), (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)).

In order to avoid summary judgment, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 585–86, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986); *Anderson,* 477 U.S. at 257, 106 S.Ct. at 2514. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 586, 106 S.Ct. at 1356. Fed. R.Civ.P. 56 requires that the nonmoving party set forth specific facts showing that there is a genuine issue for trial. *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514. Only a genuine dispute over a material fact (a fact which might affect the outcome of the suit under the governing substantive law) will preclude summary judgment. *Anderson,* 477 U.S. at 248 106 S.Ct. at 2510. The dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party on the issue. *Id.* If the factual context renders a claim implausible (for example if the claim simply makes no economic sense) nonmovants "must come forward

with more persuasive evidence to support their claim than would otherwise be necessary." *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356.

Fed.R.Civ.P. 56(c) requires the court to look at the full record, including the pleadings, depositions, answers to interrogatories, admissions, and affidavits. All reasonable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, and any doubt must be resolved in its favor. *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356. However, only *reasonable* inferences in favor of the nonmoving party can be drawn from the evidence. *Eastman Kodak Co. v. Image Tech. Servs., Inc.,* 504 U.S. 451, 468, 112 S.Ct. 2072, 2083, 119 L.Ed.2d 265 (1992).

### ANALYSIS

#### Coverage under the "ensuing clause"

The homeowner's insurance contract is a standard Texas Dwelling Policy—Form 3. While there is a specific exclusion for loss caused by mold damage, Plaintiff seeks to recover under the "ensuing loss" clause within the contract.

The relevant subsection 1(g) of Texas Dwelling Policy—Form 3 states the following:

> We do **not** cover loss caused by:
>
> (1) wear and tear, deterioration or any quality in property that causes it to damage or destroy itself.
>
> (2) rust, rot, **mold** or other fungi.
>
> (3) dampness of atmosphere, extremes of temperature.
>
> (4) contamination.
>
> (5) rats, mice, termites, moths or other insects.
>
> We **do** cover **ensuing loss** caused by collapse of building or any part of the building, water damage or breakage of

glass which is part of the building if the loss would otherwise be covered under this policy.

(Def. Motion for Summary Judgment, Exhibit 7, section 1(g)) (emphasis added).

Section 1(g)(2) expressly excludes loss caused by mold. In claiming coverage for mold, plaintiff is relying on the "ensuing loss" provision. Plaintiff claims mold coverage is not excluded if the mold is an "ensuing loss" from a covered event, such as water damage. The issue before the court is the interpretation of the "ensuing loss" provision.

■ Interpretation of insurance contracts is governed by the same rules that apply to contracts in general. *Am. States Ins. Co. v. Bailey,* 133 F.3d 363, 369 (5th Cir.1998); *Balandran v. Safeco Ins. Co. of Am.,* 972 S.W.2d 738, 740–41 (Tex.1998). A court should give the words in a contract their plain meaning. *See Puckett v. U.S. Fire Ins. Co.,* 678 S.W.2d 936 938 (Tex. 1984). At the same time the court must "give effect to the written expression of the parties' intent, viewing the contract in its entirety" and "strive to give each sentence, clause and word meaning in order not to render any portion of the contract inoperative." *Texas Farmers Ins. Co. v. Murphy,* 996 S.W.2d 873, 879 (Tex.1999).

The Texas Dwelling Policy—Form 3 in this case covers only loss to the dwelling. Unlike the standard Texas Standard Homeowner's Policy—Form B, there is no "Coverage B" which states that certain exclusions do not apply to loss caused by accidental discharge of water. Accordingly, cases such as *Balandran v. Safeco Insurance Co.,* 972 S.W.2d 738, 740 (Tex. 1998), which interpret the "ensuing loss"

clause in the Standard Homeowner's Policy–Form B, are not dispositive. The "ensuing loss" clause in this case must be considered without such modification. Since the Texas Supreme Court has not construed the "ensuing loss" provision in a policy like the one in this case, this court must make an *"Erie* guess" as to how that Court would rule.[2]

Texas intermediate appellate courts have interpreted "to ensue" as meaning "to follow as a consequence or in chronological succession; to result, as an ensuing conclusion or effect." *Zeidan v. State Farm Fire & Cas. Co.,* 960 S.W.2d 663, 666 (Tex. App.-El Paso 1997, no writ), (quoting *Lambros v. Standard Fire Ins. Co.,* 530 S.W.2d 138, 141 (Tex.Civ.App.-San Antonio 1975, writ ref'd)).

■ In *Zeidan* the court was facing a claim for foundation damage rather than mold damage, but the exclusionary provision and the ensuing loss clause were the same as in the present case. That court stated: " 'Ensuing loss caused by water damage' refers to water damage which is the **result, rather than the cause,** of 'settling, cracking, bulging, shrinkage, or expansion of foundations, walls, floors, ceilings....' " 960 S.W.2d at 666 (quoting *Lambros,* 530 S.W.2d at 141)(emphasis added). Applying this analysis to the present case, mold damage resulting from earlier water damage, as claimed by Mr. Malley, would not be covered. Mold damage itself is specifically excluded. The "ensuing loss" caused by water damage" would refer to water damage which is the result, not the cause, of mold damage.

**2.** There is a conflict in decisions on the interpretation of an ensuing loss clause in the Southern District of Texas. *See e.g., Fiess v. State Farm Lloyds,* 2003 WL 21659408 (S.D.Tex., June 4, 2003); *Flores v. Allstate Texas Lloyd's Co.,* 278 F.Supp.2d 810 (S.D.Tex.2003). While neither of these cases are binding, the court finds the reasoning in *Fiess* to be more persuasive.

If the court interprets the "ensuing loss" provision so as to allow mold coverage under the present circumstances, it would, "very nearly destroy [the exclusions]." *See Aetna Cas. & Surety Co. v. Yates*, 344 F.2d 939, 941 (5th Cir.1965). An interpretation rendering the exclusionary clause inoperative makes no sense. The Texas Insurance Commission has approved language specifically providing for coverage for mold and other damage to personal property resulting from accidental discharge of water in the Texas Standard Homeowner's Policy—Form B, "Coverage B." Since different wording is used in this policy, the natural interpretation is that mold is not covered. Guided by this reasoning, and the interpretation given to "ensuing loss" by Texas courts in *Lambros* and *Zeidan*, the court finds that mold damage is not covered by Mr. Malley's policy under the circumstances in question.

**Cause and Origin**

█ Defendants claim Plaintiff has the burden of demonstrating evidence that the alleged mold damage was caused by a covered event. As stated above, there is no cause of action for mold damage under this contract. Neither Plaintiff nor Defendants have alleged that the damage to the residence is solely mold damage and nothing else. Defendants failed to address the water damage claim in their motion for summary judgment. Plaintiff's experts expressly discuss water damage and have offered proposed remediation and build-back estimates for water damage. Accordingly, summary judgment cannot be granted on this issue.

THEREFORE IT IS ORDERED that Defendants' Motion for Summary Judgment [**Doc. # 33**] is **GRANTED** as to claims for mold damage. Plaintiffs are still left with claims for water damage, as well as possible extra-contractual claims, which will proceed to trial.

**SO ORDERED**