528 P.2d 939 (1974)
John KONCILJA, d/b/a Koncilja Construction Company, Plaintiff-Appellee,
v.
TRINITY UNIVERSAL INSURANCE COMPANY, Defendant-Appellant,
Charles William Stansburge et al., Defendants.
No. 73-443.
Colorado Court of Appeals, Div. I.
November 19, 1974.
Jenkins & Sandstrom, Gustave F. Sandstrom, Jr., Pueblo, for plaintiff-appellee.
Petersen & Fonda, Donald E. Abram, Pueblo, for defendant-appellant.
Selected for Official Publication.
SMITH, Judge.
The denial by Trinity Universal Insurance Company of coverage under a homeowner's *940 insurance policy issued by it precipitated the bringing of this action by the plaintiff, John Koncilja, doing business as Koncilja Construction Company, against Trinity, its adjuster, Lalich, and the homeowners, Charles William Stansburge and Nancy L. Stansburge. There was no dispute by the parties as to the factual issues and the case was therefore determined upon motions for summary judgment. The trial court determined that the homeowner's policy issued by Trinity rendered it liable for the cost of repair incurred by the homeowners and owed to the plaintiff. Trinity appeals from the resulting judgment. We affirm.
The homeowner's policy insured the Stansburges against loss of property occurring as a result of:
"Accidental discharge, leakage or overflow of water or steam from within a plumbing, heating or airconditioning system or from within a domestic appliance. . . such loss shall include the cost of tearing out and replacing any part of the building covered necessary to effect repairs to the system or appliance from which the water or steam escapes."
It was agreed by the parties that during the policy period a water pipe embedded within the concrete floor of the northeast portion of the Stansburge's house had broken. The broken water pipe caused water to soak into the ground beneath the house which in turn caused the ground to subside. A portion of the concrete flooring and a part of the house settled and cracked as a result. Immediately after this occurrence, the Stansburges notified Ray Bryan of the Bryan Holloran Insurance Agency from whom they had purchased the policy, who in turn contacted Lalich, an adjuster. Lalich viewed the damages and solicited bids for repair. The low bid made by Koncilja was for $2,800.88. Upon completion of the repairs by Koncilja, Lalich requested that the Stansburges submit a claim to Trinity. The claim submitted was subsequently denied by Trinity on the basis that the policy expressly excluded coverage for lossess occurring from causes such as the Stansburges had experienced. The policy provision upon which Trinity relies is set forth under "additional exclusions," to wit:
"This policy does not insure against loss: (2) caused by, resulting from, contributed to, or aggravated by any earth movement including but not limited to eathquake, volcanic eruption, landslide, mudflow, earth sinking, rising, or shifting; (3) caused by, resulting from contributed to or aggravated by any of the following: . . . (c) water below the surface of the ground including that which exerts pressure of or flows, seeps, or leaks through sidewalks, driveways, foundations, walls, basement or other floors or through doors, windows or other openings in such sidewalks, driveways, foundations, wall, or floors.. . ."
The trial court reasoned, in construing the contract as it applied to the stipulated facts, that the Stansburge's loss had been proximately caused by water escaping from within the plumbing system and was therefore a covered loss; and construed the exclusion to apply only to underground water which had not escaped from the domestic system or to earth movements caused by anything other than accidental discharge of water from this system.
The trial court was correct in determining that the accidental leakage and discharge of water upon and into the ground from within the plumbing system of the house was the efficient proximate cause of the loss. Sauer v. General Insurance, Co., 225 Cal.App.2d 275, 37 Cal.Rptr. 303; and see Sabella v. Wisler, 59 Cal.2d 21, 27 Cal.Rptr. 689, 377 P.2d 889. We adopt the general principle set forth in 6 G. Couch, Cyclopedia of Insurance Law, § 1466, 2nd Ed., R. Anderson, which states:
"[I]n determining whether a loss is within an exception in a policy, where there is a concurrency of different causes, the efficient causethe one that sets others in motionis the cause to which the loss is to be attributed, though *941 the other causes may follow it, and operate more immediately in producing the disaster."
Here, the settling of the earth may have operated more immediately in producing the damages; but the predominating or efficient proximate cause of the loss was the accidental leakage from the plumbing system.
When, in determining coverage, the policy provisions are inconsistent, or when read together they give rise to an ambiguity as to the extent of policy coverage, the contract should be construed in favor of coverage and against limitations which would inure to the benefit of the insurance company which, by their draftmanship, created the ambiguity. Travelers Insurance Co. v. Jeffries-Eaves, Inc. of Colo., 166 Colo. 220, 442 P.2d 822. Beeson v. State Automobile & Casualty Underwriters, 32 Colo.App. 62, 508 P.2d 402. This principle is applicable to coverage as well as to exclusions and conditions. Mutual Benefit Health & Accident Ass'n v. McDonald, 73 Colo. 308, 215 P. 135.
Here, we construe that the loss intended to be excluded by the two exclusion clauses meant "any earth movement" or "water below the surface" resulting from causes having no relation to the escape of water from the plumbing system. See King v. Travelers Insurance Co., 84 N.M. 550, 505 P.2d 1226. Such construction gives meaning and effect to all provisions of the policy, and is to be preferred. World Fire & Marine Ins. Co. v. Caroline Mills Distributing Co., 169 F.2d 826 (8th Cir.). Additionally, if the insurer intended to omit from coverage that part of a plumbing system which is below the surface of the ground when it specifically insures the overall plumbing system, it should have done so expressly. King v. Travelers Insurance Co., supra. We agree with the general rule stated in Roach v. Churchman, 431 F.2d 849 (8th Cir.):
"[E]xceptions, limitations and exclusions to insuring agreements require a narrow construction on the theory that the insurer, having affirmatively expressed coverage through broad promises, assumes a duty to define any limitations upon that coverage in clear and explicit terms. . . ."
Therefore, we hold that, under the facts of this case, the exclusions are inapplicable. We reject the approach to the problem taken by Krug v. Millers' Mutual Ins. Ass'n, 209 Kan. 111, 495 P.2d 949 and Park v. Hanover Insurance Co., 443 S.W.2d 940, (Tex.Civ.App.), upon which Trinity relies, as being inconsistent with the reasoning expressed herein, and therefore, affirm the judgment.
COYTE and Van CISE, JJ., concur.