## No. C-741

## Capitol Life Insurance Company v. Lois Roth

(553 P.2d 390)

Decided July 19, 1976. Opinion modified and as modified rehearing denied September 7, 1976.

Clark, Martin and Pringle, Warren O. Martin, for petitioner.

Harry L. Hellerstein, for respondent.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

We granted the petition for certiorari in this case to review the court of appeals' decision, *Roth v. Capitol Life Insurance Company*, 36 Colo. App. 46, 538 P.2d 125 (1975). The court of appeals affirmed the trial court's determination that the insured, plaintiff's husband, had died an accidental death, and that Capitol Life Insurance Company (hereinafter called Capitol Life) was therefore liable for the double indemnity benefits on the insurance policies involved. We reverse.

Plaintiff, the widow of the deceased insured sued Capitol Life to recover under the double indemnity provisions of two insurance policies, of which she was beneficiary. The defendant, Capitol Life, had previously paid the face amounts on both policies, amounting to $16,000. The plaintiff is seeking to recover an additional $16,000 under the double indemnity provisions payable for accidental death. The major issue in the trial court was whether the insured's death was the result of suicide or of an accident.

The facts surrounding the death of the insured, as adduced at trial, are virtually undisputed and set forth in the opinion by the court of appeals. The evidence strongly indicated suicide, but there was also evidence tending to refute the theory of suicidal death.

I.

■ Capitol Life argues that the only reasonable conclusion from the evidence is that the insured died from intentional self-inflicted injury. However, from a review of the record, we think there was sufficient evidence presented — tending to show that he did not intend suicide — to create a question of fact to be resolved by the trial court. The trial court held in favor of the plaintiff, finding that the insured's death resulted from accident. The court of appeals found that the fact situation presented by the evidence was not "so persuasive of suicide as to exclude any other reasonable hypothesis. . . ." We agree with the court of appeals.

## II.

Capitol Life next contends that the trial court improperly placed the burden of proving that the death was caused by suicide upon Capitol Life. Although, as the court of appeals noted, the trial court in its findings and conclusions stated that "[t]he plaintiff has sustained her burden of proving by a preponderance of the evidence that the death of the insured resulted from an accidental bodily injury . . .", it is simply not clear from the record upon whom the burden of proof was imposed.

In other portions of the trial court's conclusions it is stated: "The burden is upon the insurance company to prove the applicability of any exclusion to coverage contained in the policy of insurance, e.g., that the death of the insured resulted directly from an intentionally self-inflicted injury. [Citations omitted] If under the evidence in this case, the violent death of the insured can be explained on any reasonable hypothesis other than that of an intentionally self-inflicted injury, it is the duty of the Court to so find."

The above quoted conclusions misstate the law. In a life insurance case, the beneficiary has the burden of proving the policy and the fact of death. It is also true that the insurance company has the burden of proving any exclusions such as suicide. *Prudential Insurance Co. v. Cline*, 98 Colo. 275, 57 P.2d 1205 (1936).

In the case before us, however, the insurance company is not defending on the basis of a policy exclusion. Capitol Life paid to the beneficiary the face amounts of the two policies. It is defending on the basis that there was no accidental death so that there can be no double recovery. Thus, it is not enough for plaintiff to prove death; she must prove accidental death to the exclusion of suicide by a preponderance of the evidence.

*Lockwood v. Travelers Insurance*, 179 Colo. 103, 498 P.2d 947 (1972), also a double indemnity case, contains the correct statement of the law as follows:

"[W]hen death by accident is challenged and suicide is alleged, the plaintiff has the burden of proving by a preponderance of the evidence that the death was the result of accident rather than suicide.

"The plaintiff always has the burden of proving his or her case. Once a prima facie case is established, the burden of going forward to rebut the prima facie case shifts to the defendant. This burden of going forward is met when the defendant has introduced enough evidence to present a jury question where formerly there was a prima facie case.
* * * *

"When the 'accident-suicide' dichotomy is placed in issue as it was here by the pleadings and the rebuttable presumption, *the plaintiff has the burden of proving accident to the exclusion of suicide by a preponderance of the evidence.*" (Emphasis added.)

To the same effect is *Judkins v. Carpenter*, 189 Colo. 95, 537 P.2d 737 (1975).

In view of the conflict in the rulings of the trial court, and the confusion extant therein, we must reverse the court of appeals and have the cause remanded for the entry of new findings of fact, conclusions of law and decree under the evidence and in conformity with the views expressed in this opinion.

The court of appeals ruled that the misstatement of the law was harmless error under the circumstances of this case. We cannot so dismiss the conflict which is inherent in the written findings and conclusions.

We, therefore, reverse and return this cause to the court of appeals with directions to remand for action in accordance with the views expressed herein.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE ERICKSON do not participate.