**REDSTONE CORPORATION, Plaintiff,**

v.

**FIRE INSURANCE
EXCHANGE, Defendant.**

**Civ. A. No. 85–B–1173.**

United States District Court,
D. Colorado.

July 6, 1989.

Robert E. Kendig, Garfield & Hecht, P.C., Aspen, Colo., for plaintiff.

Eugene O. Daniels and Samuel G. Livingston, Hall & Evans, Denver, Colo., for defendant.

**OPINION AND ORDER**

BABCOCK, District Judge.

This matter is before the Court on defendant's, Fire Insurance Exchange, motion for summary judgment. The motion will be denied.

Having reviewed the briefs, affidavits, and other records submitted by the parties in support of their respective positions on this motion, I believe that oral argument will not materially assist the Court in the resolution of this matter.

This action is for recovery on three homeowners' insurance policies issued by defendant covering homes located in a residential subdivision in Glenwood Springs. Subsequently, the three homes suffered structural damage because of the collapse of subsurface soil under the houses.

Defendant denies liability for the losses based on certain exclusions in the insurance policies in light of an amendment to the answer ("settling") and a recent decision of the Colorado Supreme Court per-

taining to insurance policy exclusions. *Kane v. Royal Ins. Co.*, 768 P.2d 678 (Colo. 1989). Plaintiff opposes the motion for summary judgment, asserting that issues of fact remain.

Fed.R.Civ.P. 56 provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Summary judgment is appropriate when the Court can conclude that no reasonable juror could find for the non-moving party, on the basis of the evidence presented in the motion and response. *Matsushita, supra.* The non-moving party *must* present evidence sufficient so that a reasonable juror could find for him. The standard is whether the non-movant has presented evidence which is persuasive enough for a reasonable juror to rule in his or her favor. *Id.* Further, the non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex, supra.*

The "efficient moving cause" rule, adopted in *Koncilja v. Trinity Universal Ins. Co.*, 35 Colo.App. 27, 528 P.2d 939 (1974), states that in evaluating a loss, where there is concurrent causation, the "efficient cause" (the one that sets others in motion) is the cause to which the loss is to be attributed. *See* 18 G. Couch, *Cyclopedia of Insurance Law* § 74:711 (2d ed. rev. 1983).

In *Kane v. Royal Ins. Co.*, 768 P.2d 678 (Colo.1989), the court limited the application of the "efficient moving cause rule" of *Koncilja*. It determined that the rule should not apply to an exclusion provision which includes qualifying and enlarging words of causation such as 'contributed to' and 'aggravated by.' To the extent that *Koncilja* was inconsistent with this conclusion, it was overruled. *Kane, supra*, n. 6.

In this case, the plaintiff contends that the damage was caused by water damage from a broken water main. Defendant contends that the damage resulted from "settling."

### I. Water Damage from Broken Water Main

The insurance policy contains Section 1—Exclusion provision which reads in pertinent part:

> We do not cover loss resulting directly or indirectly from: ...
>
> 3) Water Damage, meaning: ...
>
> c) water below the surface of the ground,....

In previous proceedings, this Court ruled that the language "water below the surface of the ground" was ambiguous. These words were construed to cover natural water, rather than water escaping from a water main. Thus, according to the law of the case, coverage for damage as a result of water from a broken water main is not excluded by the policy's § 1—Exclusions provision. By its plain language, damage from water from a broken water main is also not excluded by the policy's provision entitled Section 1—Perils Insured Against. Therefore, water from a broken water main may be considered by the factfinder in determining the cause of the damage.

### II. Settling

Defendant contends that the damage was due to "settling". Under Section 1—Perils Insured Against, the policy states, in pertinent part:

> "we insure for all risks of physical loss to the property ... except:
>
> 1. losses excluded under Section 1—Exclusions; ...
>
> 7. ... settling, cracking,...."

Although damage from "settling" is not excluded under the Section 1—Exclusions, it is listed under the Section 1—Perils Insured Against as an exception to coverage. However, because the Section 1—Perils Insured Against clause does not contain "qualifying or enlarging words of causation," the "efficient moving cause" analysis may be used in determining the cause of

the damage. *Kane, supra.* Thus, if the cause of the "settling" is determined by the factfinder to be water from a broken water main, the damage is not excluded.

According to the law of the case, pleadings, affidavits, and briefs, the cause of the damage is a material fact in dispute. Therefore, summary judgment is improper. *Matsushita, supra.*

Accordingly, IT IS ORDERED that: defendant's motion for summary judgment is DENIED.