Howard SYLVESTER, Plaintiff–
Appellant,

v.

LIBERTY LIFE INSURANCE COM-
PANY, a foreign corporation,
Defendant–Appellee.

No. 00CA0617.

Colorado Court of Appeals,
Div. V.

April 12, 2001.

Rehearing Denied July 5, 2001.

Certiorari Denied March 4, 2002.

Norton Frickey, P.C., L. Dan Rector, Colorado Springs, CO, for Plaintiff–Appellant.

Holme Roberts & Owen, L.L.P., David S. Steefel, Roxane J. Perruso, Monica M. Marquez, Denver, CO, for Defendant–Appellee.

Opinion by Judge TAUBMAN.

In this accidental death insurance case, plaintiff, Howard Sylvester, appeals from the judgment entered in favor of defendant, Liberty Life Insurance Company (Liberty Life). He specifically challenges the trial court's order denying his motion for judgment notwithstanding the verdict following a jury trial. We affirm.

On September 25, 1995, Howard Sylvester and his wife purchased an accidental death insurance policy from Liberty Life. Their policy provided that in the case of accidental death of either or both of the Sylvesters, Liberty Life would pay the remainder of the mortgage on their home.

Sylvester's wife suffered from migraine headaches and regularly took a prescription medication to alleviate her pain. The prescription warned her to "AVOID ALCOHOL while you are using this medicine."

On the night of June 4, 1996, the Sylvesters dined at home with a friend. It was undisputed that Sylvester's wife consumed alcohol, although she had been warned not to do so while taking the prescription medication. The next morning, Sylvester found his wife dead.

An autopsy revealed that Sylvester's wife's blood alcohol level was .178 at the time of her death. Her death certificate listed the causes of death as: "1. Cardiorespiratory Arrest; 2. Respiratory Depression; and 3. A combination of drugs and alcohol."

Asserting that his wife's death was accidental, Sylvester submitted a claim to Liberty Life under his policy for payment of the balance of his mortgage. Liberty Life denied this claim based on the policy's exclusion for death resulting from injury occurring while either or both of the Sylvesters were under the influence of alcohol. Sylvester then filed a breach of contract suit against Liberty Life, seeking enforcement of the insurance policy. A jury concluded that Liberty Life did not breach its contract with Sylvester. He then filed a motion for judgment notwithstanding the verdict, which was denied.

Sylvester contends that the trial court erred in denying his motion for judgment notwithstanding the verdict because it incorrectly interpreted the policy's alcohol exclusion. We disagree.

In an accidental death insurance policy case, the beneficiary has the burden of proving coverage under the policy and the fact of death. The insurance company then has the burden of proving the applicability of any exclusions by a preponderance of the evidence. *Capitol Life Insurance Co. v. Roth*, 191 Colo. 289, 553 P.2d 390 (1976).

A judgment notwithstanding the verdict may be granted only if the evidence, taken in the light most favorable to the party opposing the motion and drawing every reasonable inference which may legitimately be drawn from the evidence in favor of that party, would not support a verdict by a reasonable jury in favor of the party opposing the motion. C.R.C.P. 59(e); *Nelson v. Hammon*, 802 P.2d 452 (Colo.1990).

Here, the Sylvesters' accidental death insurance policy provided:

Accidental Death Benefit—We will pay the Accidental Death Benefit as provided in

the Insured's Certificate to the Trust Member on receipt of due proof of your accidental death (or one of the joint insureds' accidental death, if joint coverage); (a) while this benefit was in force; (b) as the direct and sole result of accidental bodily injury; and (c) within 90 days from the date of the injury....

However, certain risks were not covered under the policy, and the exclusionary clause stated in pertinent part: "This Certificate does not cover death which results directly or indirectly, in whole or in part, from ... (e) injury occurring while under the influence of alcohol."

Here, the parties stipulated that Sylvester's wife died accidentally and that her death was caused by a combination of drugs and alcohol. Therefore, the only issue is the applicability of the exclusionary clause prohibiting payment when the insured is injured "while under the influence of alcohol." *See Capitol Life Insurance Co. v. Roth, supra.* Although courts in many other states have had an opportunity to resolve this issue, it is an issue of first impression in Colorado.

Relying on *Carroll v. CUNA Mutual Insurance Society,* 894 P.2d 746 (Colo.1995), Sylvester asserts that for the exclusion to apply, alcohol had to have been the predominant cause of his wife's death. Since Liberty Life presented no evidence that alcohol was the predominant cause of her death, and stipulated to the fact that her death was accidental and caused by a combination of drugs and alcohol, he contends the exclusion does not apply.

Liberty Life argues that Colorado law does not require it to prove that the predominant cause of Sylvester's wife's death was alcohol; rather, it maintains that it only needed to show Sylvester's wife was under the influence of alcohol and there was some causal connection between that fact and her death. We agree with Liberty Life.

Contrary to Sylvester's contention, *Carroll v. CUNA Mutual Insurance Society, supra,* does not require that the predominant cause test be applied here. In *Carroll,* the supreme court held that when an accidental death or injury insurance policy contains a limited coverage clause requiring that the death or injury occur "directly and independently of all other causes," coverage is provided when the accidental injury is the predominant cause of the disability or loss.

In setting forth the predominant cause test, the supreme court distinguished between limited coverage clauses and exclusionary clauses. The clause in *Carroll* was a limited coverage clause. In contrast, the *Carroll* court noted that exclusionary clauses, which are more restrictive than limited coverage clauses, deny coverage when an injury is caused "wholly or in part, directly or indirectly" by certain actions. *Carroll v. CUNA Mutual Insurance Society, supra,* 894 P.2d at 754 n. 10.

In so holding, the supreme court cited with approval *Mahon v. American Casualty Co.,* 65 N.J.Super. 148, 167 A.2d 191, 199 (1961), which emphasized that "[t]here is substantial support for the view that the exclusionary clause constitutes a significantly more restrictive contract than the limited coverage clause."

■ Here, the exclusionary clause in Sylvester's policy contains language almost identical to the exclusionary clause language described in dicta in *Carroll.* Because the exclusionary clause here is significantly more restrictive than the limited coverage clause considered in *Carroll,* we conclude that *Carroll* is distinguishable, and its predominant cause test does not apply to Sylvester's policy.

Although the predominant cause test does not apply here, we conclude that Liberty Life still had the burden to prove that some causal connection existed between alcohol and Sylvester's wife's death. This conclusion is supported by decisions from other jurisdictions addressing accidental death insurance policies containing similar exclusionary clauses. *See Hastie v. J.C. Penney Life Insurance Co.,* 115 F.3d 895 (11th Cir.1997) (an accidental death insurance policy excluding coverage when the loss is "caused by or resulting from ... an injury occurring while the covered person is intoxicated" places the burden upon the insurance company to show some causal connection between the intoxi-

cation and the insured's death); *Harris v. Carolina Life Insurance Co.,* 233 So.2d 833 (Fla.1970) (an accidental death insurance policy excepting liability when the death results "directly or indirectly, wholly or partially from ... bodily injury while under the influence of alcohol" imposes a burden upon the insurance company to show some causal relationship between the death and the intoxication before denying coverage); *see also Balthis v. AIG Life Insurance Co.,* 102 F.Supp.2d 668 (W.D.Va.2000) (group accident policy excluding "any loss caused in whole or in part by, or resulting in whole or in part from ... the Insured Person being legally intoxicated" prohibited recovery because death was caused "at least in part" by intoxication); *Riordan v. Commercial Travelers Mutual Insurance Co.,* 11 Wash.App. 707, 525 P.2d 804 (1974) (accidental death insurance policy's exemption for "any loss occurring or originating ... while he is intoxicated" did not apply where death was caused entirely by negligence of third party, because there was no causal connection between the alcohol and the death); G. Couch, *Couch on Insurance* § 143:84 (L. Russ & T. Segalla 3d ed.1998) ("where a policy does not cover injuries received by the insured as the 'result' or 'in consequence' of being intoxicated, or 'caused' by intoxication, some causal connection must be shown").

Accordingly, we must determine whether Liberty Life presented sufficient evidence to establish that there was some causal connection between Sylvester's wife being under the influence of alcohol and her death. We conclude that it did.

As noted above, the parties stipulated that Sylvester's wife's death was accidental and was caused by a combination of alcohol and drugs. In addition, all four of the medical experts who testified at the trial agreed that Sylvester's wife was "under the influence" of alcohol at the time of her death. Liberty Life's toxicologist testified that, in his expert opinion, "the alcohol directly caused her death" and that she would not have died if she had not drunk the amount of alcohol that she did. The Fremont County coroner also testified that alcohol was a direct cause of her death, and that alcohol "may have played a more significant role" than the pain medication did in causing her death.

Consequently, we conclude that this evidence was sufficient to establish some causal connection between alcohol and Sylvester's wife's death. Therefore, the trial court did not err in denying Sylvester's motion for judgment notwithstanding the verdict.

Because of our disposition above, we need not reach Sylvester's contention that the trial court erred in refusing to instruct the jury on predominant cause.

Judgment affirmed.

ROTHENBERG and ROY, JJ., concur.