Keith THOMPSON and Mary Thompson, Plaintiffs–Appellants,

v.

STATE FARM FIRE & CASUALTY COMPANY, Defendant–Appellee.

No. 05CA2079.

Colorado Court of Appeals, Div. IV.

March 8, 2007.

Certiorari Denied July 16, 2007.

Bradley Devitt, P.C., Jon T. Bradley, J. Michael Shea, Golden, Colorado, for Plaintiffs–Appellants.

Fisher, Sweetbaum & Levin, P.C., Jon F. Sands, Kimberle E. O'Brien, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge CASEBOLT.

In this insurance coverage dispute, plaintiffs, Keith Thompson and Mary Thompson, appeal the summary judgment in favor of defendant, State Farm Fire & Casualty Company. Plaintiffs assert that State Farm wrongly denied coverage under their homeowners insurance policy for water damage they sustained based on an exclusion of losses arising from "water below the surface of the ground." Because we agree with the trial court that the policy unambiguously excludes the loss, we affirm.

State Farm insured plaintiffs' home under an "all-risk" policy. While the policy was in force, the building supply pipe for the domestic plumbing system that runs from the street water main under the interior basement floor slab began to leak, causing water to enter plaintiffs' basement through the slab and foundation. The basement and ·some personal property sustained damage. Plaintiffs submitted a timely claim to State Farm, which denied coverage based upon the "water below the surface of the ground" exclusion in the policy.

Plaintiffs instituted this action asserting breach of contract and bad faith, and also sought a declaration that the damages incurred were covered under the terms of the policy. The parties filed cross-motions for summary judgment. The trial court granted summary judgment in favor of State Farm, concluding that the policy language clearly and unambiguously excluded coverage for all losses caused by water below the surface of the ground. The court held that plaintiffs' breach of contract and bad faith claims were either moot or failed as a matter of law in light of its coverage determination. This appeal followed.

■ Plaintiffs contend that the court incorrectly interpreted the policy language. Specifically, they argue that the term "water below the surface of the ground" contained in the policy exclusion does not include water leaking from a building supply pipe, but, instead, means naturally occurring groundwater or subterranean water. State Farm asserts that the policy language clearly and unambiguously excludes coverage for losses caused by water below the surface of the ground, regardless of the source or cause. We agree with State Farm.

We review a summary judgment de novo. Summary judgment is proper only upon a showing that there are no issues of material fact and that the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c); *McCormick v. Union Pac. Res. Co.*, 14 P.3d 346 (Colo.2000).

■ The interpretation of an insurance policy presents a question of law that we review de novo. *Allstate Ins. Co. v. Huizar*, 52 P.3d 816 (Colo.2002); *Farmers Alliance Mut. Ins. Co. v. Ho*, 68 P.3d 546 (Colo.App. 2002). The words of the insurance policy "should be given their plain meaning according to common usage, and strained constructions should be avoided." *Allstate Ins. Co. v. Huizar, supra*, 52 P.3d at 819.

■ Ambiguous language in insurance contracts should be construed against the insurer. However, unambiguous contracts should be enforced according to their terms. *Kane v. Royal Ins. Co.*, 768 P.2d 678 (Colo. 1989).

■ A policy term is ambiguous if it is reasonably susceptible of more than one meaning. *Terranova v. State Farm Mut. Auto. Ins. Co.*, 800 P.2d 58 (Colo.1990).

However, mere disagreement between the parties concerning the meaning of terms does not create an ambiguity. *Kane v. Royal Ins. Co., supra.*

The policy at issue here contains the following pertinent coverage and exclusion provisions:

## SECTION I—LOSSES INSURED

### COVERAGE A—DWELLING

We insure for accidental direct physical loss to the property described in Coverage A, except as provided in SECTION I—LOSSES NOT INSURED.

### COVERAGE B—PERSONAL PROPERTY

We insure for accidental direct physical loss to property described in Coverage B caused by the following perils, except as provided in SECTION I—LOSSES NOT INSURED:

. . .

12. Sudden and accidental discharge or overflow of water or steam from within a plumbing, heating, air conditioning or automatic fire protective sprinkler system, or from within a household appliance.

. . . .

### SECTION I—LOSSES NOT INSURED

. . .

2. We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

. . .

c. Water damage, meaning:

. . .

(3) water below the surface of the ground, including water which exerts pressure on, or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.

It is undisputed that plaintiffs' home and personal property suffered direct physical loss caused by an accident resulting from the discharge of water from within the plumbing system, which was a covered peril under the policy. The dispute is whether the exclusion for water damage contained in paragraph (2)(c)(3) nevertheless precludes coverage. We conclude that it does.

The plain language of the policy excludes *any* loss from water below the surface of the ground that leaks through a foundation, regardless of cause and regardless of whether or not the water arises from natural or external forces. The policy does not make any distinction among the sources or causes of the water damage. To find such a distinction would be to disregard some terms and add other terms to the contract, which we are not at liberty to do. *See Newark Ins. Co. v. State Farm Mut. Auto. Ins. Co.,* 164 Colo. 498, 436 P.2d 353 (1968) (court may not rewrite insurance contract by changing its terms and conditions).

Here, the damage to plaintiffs' basement and property was caused by subsurface water that leaked through the foundation of the home. Because the exclusion precludes coverage for loss from water below the surface of the ground from any cause, we conclude that the exclusion is not limited to naturally occurring water or water from outside the plumbing system. Thus, water leaking from a building supply pipe below the surface of the ground is encompassed by the exclusion.

Plaintiffs nevertheless assert that the exclusion does not apply, relying on cases in which an exclusion for "water below the surface of the ground" has been limited to naturally occurring water or water from outside the plumbing system. *See West v. Umialik Ins. Co.,* 8 P.3d 1135 (Alaska 2000); *Hartford Accident & Indem. Co. v. Phelps,* 294 So.2d 362 (Fla.Dist.Ct.App.1974); *Hatley v. Truck Ins. Exch.,* 261 Or. 606, 495 P.2d 1196 (1972); *Adrian Assocs. v. Nat'l Sur. Corp.,* 638 S.W.2d 138 (Tex.App.1982), *approved,* 650 S.W.2d 67 (Tex.1983). However, none of the

policies analyzed in those cases contained the "lead-in" clause that here begins paragraph (2), which excludes any water damage loss, regardless of its cause or origin. Hence, those cases are inapposite.

Other courts interpreting this "lead-in" clause have reached a similar conclusion. *See In re Katrina Canal Breaches Consol. Litig.*, 466 F.Supp.2d 729 (E.D. La.2006)(same policy language excluded flood regardless of its cause); *State Farm Fire & Cas. Co. v. Bongen*, 925 P.2d 1042 (Alaska 1996)(earth movement caused by construction activities excluded under "lead-in" clause); *Millar v. State Farm Fire & Cas. Co.*, 167 Ariz. 93, 804 P.2d 822 (Ct.App. 1990)(earth movement exclusion under "lead-in" clause applied to damage sustained by home when soil beneath it collapsed due to water that escaped from broken automatic sprinkler system); *State Farm Fire & Cas. Co. v. Castillo*, 829 So.2d 242 (Fla.Dist.Ct. App.2002) ("lead-in" clause and earth movement exclusion operated regardless of the cause of the movement); *Kula v. State Farm Fire & Cas. Co.*, 212 A.D.2d 16, 628 N.Y.S.2d 988 (1995)("lead-in" clause operated to preclude earth movement loss regardless of how loss was precipitated); *Alf v. State Farm Fire & Cas. Co.*, 850 P.2d 1272 (Utah 1993) ("lead-in" clause specifically excluded coverage for damage resulting from earth movement, despite the fact that the cause of the earth movement was a covered peril).

Insofar as plaintiffs argue that the exclusion is ambiguous and should therefore be construed in their favor, we reject this argument for the same reasons. Any potential ambiguity in the "water below the surface of the ground" exclusion is foreclosed by the lead-in clause of paragraph (2). To read the policy as plaintiffs request would be to create an ambiguity where none exists.

Plaintiffs nevertheless contend that *Koncilja v. Trinity Universal Insurance Co.*, 35 Colo.App. 27, 528 P.2d 939 (1974), *overruled on other grounds by Kane v. Royal Insurance Co., supra,* compels a different result. Plaintiffs' reliance on *Koncilja* is misplaced.

In *Koncilja*, a pipe embedded in the concrete floor of a home ruptured and caused water to soak into the ground beneath the house. The water beneath the house caused it to subside. The homeowners submitted a claim under a policy that, as here, explicitly covered loss from accidental leakage from the plumbing system. The insurance company denied coverage on the basis that the policy did not insure against loss "caused by, resulting from, contributed to, or aggravated by" any "earth movement" or "water below the surface of the ground." *Koncilja v. Trinity Universal Ins. Co., supra,* 35 Colo. App. at 29, 528 P.2d at 940.

A division of this court concluded that even though the earth movement was the immediate cause of the damage, the "efficient proximate cause" was the leakage from the plumbing system. The efficient proximate cause doctrine states that in determining whether a loss is within an exception to coverage, the cause "that sets others in motion" is the one that is relevant. *Koncilja v. Trinity Universal Ins. Co., supra,* 35 Colo.App. at 30, 528 P.2d at 940. The division concluded that the policy was inconsistent because it explicitly covered losses from leakage from the plumbing system while excluding losses from earth movement and water below the surface of the ground. The division construed the exclusion against the insurer to mean earth movement or water below the surface of the ground "resulting from causes having no relation to the escape of water from the plumbing system." The division reasoned that "if the insurer intended to omit from coverage that part of a plumbing system which is below the surface of the ground when it specifically insures the overall plumbing system, it should have done so expressly." *Koncilja v. Trinity Universal Ins. Co., supra,* 35 Colo.App. at 31, 528 P.2d at 941.

Plaintiffs assert that *Koncilja* is directly on point because their policy explicitly insures for leakage from the plumbing system and *Koncilja* limits the water below the surface of the ground exclusion to "causes having no relation to the escape of water from the plumbing system." *Koncilja v. Trinity Universal Ins. Co., supra,* 35 Colo.App. at 31, 528 P.2d at 941. However, this argument misapprehends the reasoning of *Koncilja.* The case was decided on the basis that the efficient proximate cause doctrine created an

inconsistency between the coverage and exclusion provisions of the policy. In light of the inconsistency, the division construed the exclusion against the insurer and in favor of coverage.

Hence, in order for *Koncilja* to apply here, plaintiffs would have to show that the efficient proximate cause doctrine creates an inconsistency in the terms of the policy. *See, e.g., Novell v. Am. Guar. & Liab. Ins. Co.*, 15 P.3d 775 (Colo.App.1999). However, plaintiffs specifically have declined to make an efficient proximate cause argument. Moreover, the language that plaintiffs quote from *Koncilja* is the division's interpretation of the policy given the inconsistency; it is not an interpretation of the plain meaning or common usage of "water below the surface of the ground," as plaintiffs assert.

In addition, the efficient proximate cause doctrine of *Koncilja* cannot be applied to this case because *Koncilja* was overruled in part on the basis that the " 'efficient moving cause' rule should not apply in a case where the exclusion includes qualifying and enlarging words of causation such as 'contributed to' and 'aggravated by.' " *Kane v. Royal Ins. Co., supra*, 768 P.2d at 685 n. 6. The policy at issue here contains the "lead-in" clause discussed above, which we perceive to be even broader than these terms. The exclusion applies not merely when the loss is "aggravated by" or "contributed to" by the excluded event, but it also applies regardless of the cause and regardless of "whether other causes acted concurrently or in any sequence with the excluded event to produce the loss."

Thus, because the efficient proximate cause doctrine "must yield to a well-settled principle of law: namely, that courts will not rewrite a contract for the parties," *Kane v. Royal Ins. Co., supra*, 768 P.2d at 685, and because the specific language of the policy at issue here precludes an efficient proximate cause analysis, *Koncilja* is inapposite.

In light of the *Kane* decision and its express holding that the efficient proximate cause rule will yield to contrary policy language, we also distinguish those cases that have interpreted the "lead-in" clause not to preclude a recovery under circumstances similar to those here. *See* David L. Leitner, Reagan W. Simpson & John M. Bjorkman, 4 *Law and Practice of Insurance Coverage Litigation* § 52.35 (2000)(three states, California, Washington, and West Virginia, follow the efficient proximate cause rule and also refuse to enforce at least some anti-concurrent causation policy provisions; those states preclude operation of the "lead-in" clause); *see also In re Katrina Canal Breaches Consol. Litig., supra* (citing and distinguishing contrary cases).

For these reasons, the trial court did not err in granting summary judgment in favor of State Farm.

The judgment is affirmed.

Judge HAWTHORNE and Judge BERNARD concur.